UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ANTHONY HAYTON,

        Plaintiff,

   - against -

THE CITY OF NEW YORK, DARRYL
SMALLWOOD and "JOHN DOE" 1-5, the
names being fictitious and presently
unknown, employees of the New York City
Police Department,

        Defendants.

------------------------------------------------------------------x

COMPLAINT
08 CV 5582 (LAK)(AJP)

**Jury Trial Demanded**

Anthony Hayton, by his attorney, Matthew Flamm, alleges the following upon information and belief as his Complaint:

Nature of the Action

1.    This civil rights action arises from the February 19, 2008 unlawful assault on and arrest of Anthony Hayton. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

Jurisdiction and Venue

2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3.    Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

Parties

4.      Plaintiff Anthony Hayton is a citizen of the United States of America residing in the State and City of New York, County of Kings.  Mr. Hayton is and was at the time of the incidents complained of a student at the Globe Institute of Technology in lower Manhattan.  Mr. Hayton had never been arrested before this incident.

5.      Defendant CITY OF NEW YORK is a Municipal Corporation within New York State.  Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency.  At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6.      Defendant DARRYL SMALLWOOD, Shield 9346, was at all times relevant a duly appointed and acting employee of the New York City Police Department assigned to Transit District 33 in Brooklyn, New York.

7.      Defendants "JOHN DOE 1-5" were at all times relevant duly appointed and acting employees of the New York City Police Department assigned to Transit District 33 in Brooklyn.

8.      At all times relevant defendants SMALLWOOD and DOEs (together the "individual defendants"), were acting under color of state law.

9.      The individual defendants involved were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

Notice of Claim

10.     On or about March 3, 2008, and within ninety days after claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

11. The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

12. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

13. The New York City Comptroller's Office assigned the case claim number 2008PI006571.

14. The City of New York has neglected and failed to adjust the claims within the statutory time period.

15. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

## Facts Underlying
### Plaintiff's Claims for Relief

16. On February 19, 2008 at or about 4:30 p.m. at and around and upstairs from the Utica Avenue A Train Brooklyn-bound subway platform in Brooklyn, New York, Anthony Hayton was assaulted and arrested by the individual defendants, or some of them.

17. Mr. Hayton was held for a time at the Transit District 33 Stationhouse at the Broadway Junction Station and then taken to Brooklyn Central Booking.

18. The individual defendants caused or allowed Mr. Hayton to be unlawfully arrested and thereafter charged with Resisting Arrest, Obstruction of Governmental Administration and Disorderly Conduct.

19. On February 20, 2008, Mr. Hayton was arraigned on the false charges under Kings County Criminal Court Docket Number 2008KN013316, and the prosecution was adjourned in contemplation of dismissal and will be dismissed and sealed in August 2008.

20. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful assault and arrest of Mr. Hayton.

21. Mr. Hayton was treated at Interfaith Medical Center and Long Island College Hospital.

22. Mr. Hayton suffered physical injuries, including irritation to his eyes and skin caused by chemical spray used by a Police Officer, nerve damage to his right wrist resulting in numbness to his index finger and thumb, pain in both shoulders and his low back, pain by his left shoulder blade, pain to his left ribs and right flank, pain to his left ankle, and bruising and swelling from being repeatedly struck by a metal baton.

23. He also suffered, among other things, the shock, fright, debasement and emotional upset of being publicly assaulted, arrested and imprisoned without cause. He also suffered loss of freedom and violation of his constitutional rights.

24. At all times relevant, and in using force on Mr. Hayton and arresting and imprisoning him, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

25. Plaintiff repeats the allegations of paragraphs 1-24 above as though fully stated herein.

26. By the actions described above, the individual defendants deprived Mr. Hayton of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from excessive and unreasonable force.

27. As a consequence thereof, Anthony Hayton has been injured.

## SECOND CLAIM FOR RELIEF FOR ASSAULT

28.  Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

29.  By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

30.  As a consequence thereof, Anthony Hayton has been injured.

## THIRD CLAIM FOR RELIEF FOR BATTERY

31.  Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

32.  By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

33.  As a consequence thereof, Anthony Hayton has been injured.

## FOURTH CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

34.  Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

35.  By the actions described above, the individual defendants deprived Mr. Hayton of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free arrest or search, except on probable cause or pursuant to warrant.

36.  As a consequence thereof, Anthony Hayton has been injured.

## FIFTH CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

37.  Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

38. By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

39. As a consequence thereof, Anthony Hayton has been injured.

### SIXTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

40. Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

41. The individual defendants, and each o them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Hayton was subjected, despite having a reasonable opportunity to do so.

42. As a consequence thereof, Anthony Hayton has been injured.

### SEVENTH CLAIM FOR RELIEF FOR NEGLIGENCE

43. Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

44. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its law enforcement personnel, including assigning, training, supervising or disciplining individual Police personnel who unlawfully detain, arrest, assault, and make false allegations.

45. The defendant City of New York's failure properly to assign, train, supervise or discipline its Police, including the Police employees involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional detentions, arrests, uses of force, and lodging of false allegations and allowed the individual defendants to believe that they could with impunity arrest, brutalize, and abuse Mr. Hayton.

46. As a consequence thereof, Anthony Hayton has been injured.

Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A) Declaratory relief as follows:
  1. A declaration that plaintiff's right to be free from unreasonable and excessive force under the Fourth and Fourteenth Amendments of the United States Constitution was violated;
  2. A declaration that plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;
(B) Compensatory damages in an amount to be fixed at trial;
(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;
(D) An award to plaintiff of the costs and disbursements herein;
(E) An award of attorney's fees under 42 U.S.C. §1988; and
(F) Such other and further relief as this Court may deem just and proper.

Dated:   June 18, 2008
         Brooklyn, New York

_____
Matthew Flamm **MF1309**
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York 11242
(718) 797-3117

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

ANTHONY HAYTON,

        Plaintiff,

   - against -

THE CITY OF NEW YORK, DARRYL SMALLWOOD and "JOHN DOE" 1-5, the names being fictitious and presently unknown, employees of the New York City Police Department,

        Defendants.


---------------------------------------------------------------x

08 CV 5582 (LAK(AJP)

# COMPLAINT

Matthew Flamm
Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York  11242  (718) 797-3117