UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ANTHONY HAYTON,

                        Plaintiff,                    **ANSWER**

                       -against-                   **08 CV 5582 (LAK)**

THE CITY OF NEW YORK, DARRYL
SMALLWOOD and "JOHN DOE" 1-5, the names
being fictitious and presently unknown, being
employees of the New York City Police Department,

                             **JURY**
                             **TRIAL**
                             **DEMANDED**

                       Defendants.

------------------------------------------------------------------x

        Defendants The City Of New York (the "City") and Darryl Smallwood by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint ("Complaint"), respectfully alleges as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit plaintiff purports to characterize this action as stated therein and to seek the relief stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        3.     Deny the allegation set forth in paragraph "3" of the Complaint.

        4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

        5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City is a Municipal Corporation and that the City maintains a Police Department.

        6.     Admit the allegations set forth in paragraph "6" of the complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Paragraph "8" of the complaint sets forth conclusions of law rather than averments of fact and accordingly no response is required.

9. Paragraph "8" of the complaint sets forth conclusions of law rather than averments of fact and accordingly no response is required.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that a document purporting to be a notice of claim, (the "Notice") was received by the New York City Comptroller's Office on March 5, 2008..

11. Deny the allegations set forth in paragraph "11" except admit the purported notice of claim was in writing and respectfully refer this Court to the Notice for its content and meaning.

12. Deny the allegations set forth in paragraph "12" and respectfully refer this Court to the Notice for its content and meaning.

13. Admit the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that Plaintiff's claim has neither been paid nor adjusted.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit plaintiff's complaint was filed on or about June 20, 2008.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit plaintiff was arrested by Officer Darryl Smallwood on February 19, 2008.

17. Admit the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations in paragraph "19" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning disposition of the criminal complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations the allegations set forth in paragraph "21" of the Complaint, except admit that plaintiff went to Interfaith Medical Center.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. In response to the allegations set forth in paragraph "25" of the Complaint, Defendants repeat and reallege paragraphs "1" through "24" of this answer as if set forth fully herein.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. In response to the allegations set forth in paragraph "28" of the Complaint, Defendants repeat and reallege paragraphs "1" through "27" of this answer as if set forth fully herein.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, Defendants repeat and reallege paragraphs "1" through "30" of this answer as if set forth fully herein.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. In response to the allegations set forth in paragraph "34" of the Complaint, Defendants repeat and reallege paragraphs "1" through "33" of this answer as if set forth fully herein.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. In response to the allegations set forth in paragraph "37" of the Complaint, Defendants repeat and reallege paragraphs "1" through "36," of this answer as if set forth fully herein.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. In response to the allegations set forth in paragraph "40" of the Complaint, Defendants repeat and reallege paragraphs "1" through "39," of this answer as if set forth fully herein.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. In response to the allegations set forth in paragraph "43" of the Complaint, Defendants repeat and reallege paragraphs "1" through "42" of this answer as if set forth fully herein.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

47.   The complaint fails in whole or in part to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

48.   Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

49.   At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

50.   To the extent plaintiff asserts state law claims against the City such claims should be barred by the doctrine of governmental immunity for discretionary, policy-making and/or judgmental functions.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

51.   Defendant Smallwood has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is entitled to qualified immunity..

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

52.   Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the Defendants.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

53. To the extent plaintiff alleges any claims arising under the laws of the State of New York, plaintiff has failed to comply with New York General Municipal Law §50-e, and accordingly such claims are barred.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

54. Plaintiff can not recover punitive damages from the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

55. Venue of this action in the Southern District of New York is improper.

**WHEREFORE**, Defendants the City of New York and Darryl Smallwood request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          August 14, 2008

          MICHAEL A. CARDOZO
          Corporation Counsel of the
          City of New York
          Attorney for Defendants City of New York and Darryl Smallwood
          100 Church Street, Room 3-146
          New York, New York 10007
          (212) 788-1894

          By: _____
              David M. Pollack (DP3873)

TO:  Matthew Flamm, Esq. (By ECF)